**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOBBY R. CURRY,

        Petitioner-Appellant,

v.

UNITED STATES DISCIPLINARY
BARRACKS, Commandant,

        Respondent-Appellee.

No. 98-3132
(Dist. of Kansas
(D.C. No. 96-CV-3272-RDR)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

    After examining the briefs and the appellate record, this three-judge panel

has unanimously determined that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bobby R. Curry, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. In his petition, Curry challenged the constitutionality of a prison disciplinary action against him on the charge of indecent exposure to a female staff member. Curry alleges the disciplinary action is invalid because the evidence fails to demonstrate his exposure was intentional and claims he was denied due process because he was not allowed to cross-examine a witness during the disciplinary proceeding. The district court denied the petition finding as follows: (1) the disciplinary hearing complied with the procedural protections set out in *Wolff v. McDonnell*, 418 U.S. 539 (1974); (2) the finding of intentional indecent exposure was supported by "some evidence" in the record as required by *Superintendent v. Hill*, 472 U.S. 445 (1985); and (3) that Curry was afforded all the process he was due during the disciplinary hearing.

This court has conducted a close review of Curry's brief and contentions, the district court order, and the entire record on appeal. That close review reveals

no reversible error. Accordingly, this court **AFFIRMS** [1] for substantially those reasons stated by the district court in its Order dated April 23, 1998.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]This court notes that a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).