**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WENDELL R. MUIR,

  Plaintiff - Appellant,

vs.

FIFTH JUDICIAL DISTRICT
COURT; ATTORNEY GENERAL
STATE OF NEW MEXICO,

  Defendants - Appellees.

No. 99-2048
(D.C. No. CIV-98-822-M/WWD)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Muir, an inmate appearing pro se and in forma pauperis, appeals the

district court's denial of a writ of habeas corpus under 28 U.S.C. § 2254,[1] the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

[1] Mr. Muir initially filed a civil rights complaint under 42 U.S.C. § 1983. The magistrate judge first construed the complaint as arising under 28 U.S.C. § 2241 because it attacked a New Mexico detainer and sought release from custody upon completion of a sentence. See I R. doc. 3. The magistrate judge

dismissal of his lawsuit with prejudice and the denial of his motions for an evidentiary hearing and for a restraining order. He also seeks a restraining order from this court. The magistrate judge, whose findings and recommendations were adopted by the district court, found that Mr. Muir had failed to claim any violation of federal rights, asserting at most a violation of a state statute. See I R. doc 18 at 2. In addition, the magistrate found that Mr. Muir has not pursued the appropriate grievance procedure under the Interstate Corrections Compact, and thus, a federal court would not have jurisdiction to decide the merits. See id. at 3. The district court did not issue a certificate of appealability.

Mr. Muir is currently incarcerated in Kansas through the New Mexico Corrections Department pursuant to the Interstate Corrections Compact, N.M. Stat. Ann. § 31-5-17 (Michie 1984 Repl. Pamp.). Under the Compact, an inmate is released to the "sending state" (here, New Mexico) unless the inmate and the sending and receiving state agree on "some other place." N.M. Stat. Ann. § 31-5-17 Art. 4G. Mr. Muir contended that Appellees violated his Fourteenth

---

required Mr. Muir to file a § 2241 application. See I R. doc. 6. Thereafter, he treated the matter as arising under § 2254. See I R. docs. 8 & 18. As Mr. Muir is not challenging the fact or duration of his confinement, it appears that the matter arises under 28 U.S.C. § 2241, which allows him to challenge the execution of a sentence. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-112 (10th Cir. 1997). To the extent that Mr. Muir is challenging the conditions of his confinement, such an action arises under § 1983. Regardless, the action was properly dismissed.

Amendment due process rights because he is to be returned to New Mexico for discharge, instead of being released in Kansas. On appeal, he makes the same argument and raises an Eighth Amendment claim that returning him to New Mexico would cause him "undue stress and unwanted tension" as he was not treated with anti-depression medication while in New Mexico. See Aplt. Br. (Form A-12) at 3.

Under the AEDPA, we cannot hear Mr. Muir's appeal unless a certificate of appealability is issued. See 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We agree with the district court and conclude that Mr. Muir has not alleged a violation of any federal or constitutional right. An inmate may be transferred from one state to another, see Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983), and New Mexico has not created a liberty interest in a unilateral decision by an inmate to be released in the receiving state, see Sandin v. Connor, 515 U.S. 472, 483-84 (1995). The Eighth Amendment claim is meritless, see Farmer v. Brennan, 511 U.S. 825, 837-38 (1994) (requiring that objective and subjective components of Eighth Amendment violation be alleged); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (requiring allegation of deliberate indifference to serious medical needs), and was waived because Mr. Muir did not present it below.

We deny Mr. Muir a certificate of appealability and dismiss his appeal. All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge