F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES PATRICK BOLTON,

Petitioner-Appellant,

v.

LARRY REED, Warden; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 04-1170

(D. Colorado)

(D.C. No. 03-B-283) (PAC)

**ORDER**

Before **KELLY**, **BALDOCK**, and **HENRY**, Circuit Judges.

James Patrick Bolton, a Colorado state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's decision denying

his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Bolton also seeks

to proceed in forma pauperis (IFP) in this appeal. In a previous order, we

concluded that Mr. Bolton was not entitled to a COA and was not entitled to

proceed IFP, and we dismissed the appeal. See Bolton v. Reed, No. 04-1170,

2004 WL 2407143 (10th Cir. Oct 28, 2004).

Subsequently, Mr. Bolton filed a petition for rehearing in which he

challenged the denial of a COA and also alleged that Judge Tymkovich should

recuse from the case because he had served as Colorado Solicitor General during part of the period when criminal proceedings against Mr. Bolton were pending in the Colorado state courts. Judge Tymkovich then decided to recuse, and we therefore granted Mr. Bolton's petition for rehearing for the limited purpose of allowing Judge Tymkovich's recusal. We also vacated the order issued on October 28, 2004, recalled the mandate, and randomly assigned another judge to hear this matter.

Upon review of Mr. Bolton's allegations, we now reaffirm the conclusions set forth in the October 28, 2004 order. We treat Mr. Bolton's petition for rehearing as a supplemental brief and note that, except for the matters we discuss below, Mr. Bolton's petition raises arguments that were properly rejected by the district court. Accordingly, we DENY Mr. Bolton's application for a COA and his motion to proceed IFP, and we DISMISS this appeal.

## I. BACKGROUND

Mr. Bolton's § 2254 petition arises out of his Colorado conviction of one count of second-degree kidnaping, three counts of second-degree burglary, and three counts of sexual assault on a child. Mr. Bolton received a sentence of 172 years in prison for these convictions. The Colorado Court of Appeals affirmed Mr. Bolton's convictions and sentence on direct appeal, and the Colorado

Supreme Court denied his petition for a writ of certiorari. Subsequently, Mr. Bolton filed post-conviction motions in the Colorado trial court. The trial court denied his motions, and the Colorado Court of Appeals affirmed those rulings. The Colorado Supreme Court then denied Mr. Bolton's petition for a writ of certiorari in the post-conviction proceedings.

In the instant § 2254 action, Mr. Bolton raised the following claims: (1) his trial attorney provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to allow him to participate in formulating defense strategy and failing to advise him whether he should testify; (2) his attorney on direct appeal provided ineffective assistance by failing to raise certain issues and by ineffectively arguing the claims that he did raise; (3) his attorney in the state post-conviction proceedings provided ineffective assistance; (4) his attorney in the appeal of the post-conviction proceedings provided ineffective assistance; (5) an impermissbly suggestive lineup and limited cross examination deprived him of his rights to due process, equal protection, and confrontation; (6) perjury by a prosecution witness and alteration of the transcripts to conceal the perjury deprived him of those same rights; (7) the trial court erred in allowing evidence of similar transactions and thereby violated those same rights; (8) the trial court's error in allowing hearsay testimony of a child violated those same rights; (9) the bias of the trial court violated his due process, equal protection, and

Eighth Amendment rights; (10) the Colorado statute regarding evidence of similar acts is unconstitutionally vague and was applied in a manner that violated his rights to due process, equal protection, and confrontation; (11) the denial of his right to testify violated his rights to due process, equal protection, and confrontation; (12) the trial court's cumulative errors deprived him of those same rights.

The magistrate judge concluded that Mr. Bolton's third and fourth claims—that he received ineffective assistance of counsel in the post-conviction proceedings and resulting appeal—did not allege violations of federal rights and were thus not cognizable in a § 2254 proceeding. See Rec. doc. 30, at 4 (Recommendation, filed Jan. 30, 2004). As to Mr. Bolton's remaining claims, the magistrate judge concluded that Mr. Bolton had failed to exhaust them in the Colorado courts and that they were procedurally barred as a result. The magistrate judge further concluded that Mr. Bolton had failed to demonstrate either cause and prejudice or a fundamental miscarriage of justice excusing the procedural bar. Upon de novo review, the district court adopted the magistrate judge's recommendation and dismissed Mr. Bolton's petition.

## II.  DISCUSSION

### A.  Application for a COA and Motion to Proceed IFP

To appeal the district court's denial of his § 2254 petition, Mr. Bolton must obtain a COA by making "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Bolton may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. Moreover, because he seeks to proceed IFP in this appeal, Mr. Bolton must also demonstrate a financial inability to pay the required fees and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

For substantially the same reasons set forth by the magistrate judge, we conclude that Mr. Bolton is not entitled to a COA and is not entitled to proceed IFP. The magistrate judge's recommendation reflects a careful analysis of the

record and is supported by the applicable law. Mr. Bolton's appellate brief does not present a colorable argument undermining the magistrate judge's conclusion that most of his claims were unexhausted and procedurally barred and that his claims regarding ineffective assistance of post-conviction counsel are not cognizable in a § 2254 proceeding. Although Mr. Bolton again alleges that many of his claims were not exhausted because of his post-conviction counsel's deficiencies, the ineffective assistance of counsel in post-conviction proceedings does not constitute cause by which a § 2254 petitioner may avoid the procedural bar. See Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997).

### B. Petition for Rehearing

In his petition for rehearing, Mr. Bolton argues that pursuant to the United States Supreme Court's recent ruling in Blakely v. Washington, 124 S.Ct. 2531 (2004), the sentencing judge violated his Sixth Amendment rights by increasing his sentence based upon aggravating circumstances not found by the jury. However, this circuit has held that "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, No. 04-7058, 2005 WL 535361 (10th Cir. Mar 08, 2005). Mr. Bolton's convictions were final by that date, and thus he cannot succeed on his Blakely claim.

Mr. Bolton also observes that the same Colorado Assistant Attorney General represented the government in the state and federal proceedings, and he argues that this continued representation was "not only highly improper, but prejudicial." Petition for Rehearing, at 12. We disagree. It is not improper for the same attorney to represent the state on direct appeal and in post-conviction proceedings.

Finally, as noted above, the other argument raised by Mr. Bolton in support of his petition for rehearing were properly rejected by the district court for the reasons stated in the magistrate's well-reasoned recommendation.

## C. Motion to Appoint Counsel

Mr. Bolton has also renewed his motion to appoint counsel. Mr. Bolton's claims are clearly lacking in merit, and there is thus no reason to appoint counsel.

## III. CONCLUSION

For substantially the same reasons set forth in the magistrate's recommendation we DENY Mr. Bolton's application for a COA and DENY Mr.

Bolton's motion to proceed IFP.  We also DENY Mr. Bolton's Motion to

Appoint Counsel, and we DISMISS this appeal.[1]


                              Entered for the Court,



                              Robert H. Henry
                              Circuit Judge

---

[1]  We also overrule Mr. Bolton's Objection to the Order of the United States Court of Appeals for the Tenth Circuit, filed February 25, 2005.