**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY HILL,

      Petitioner-Appellant,

v.

E.J. GALLEGOS, Warden,

      Respondent-Appellee.

No. 05-3043

(D.C. No. 04-CV-3074-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rodney Hill, a federal prisoner appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition without prejudice. We exercise

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction under 28 U.S.C. § 1291 and affirm.

In his petition, Hill asserted he was improperly removed from his UNICOR prison work position and that officials failed to follow policies and procedures for terminating prisoners from UNICOR jobs. The district court noted that Hill's allegations did not impact the legality or duration of confinement and were not appropriate for habeas review, and determined it would construe the matter as a Bivens complaint. Hill objected. As a result, the court dismissed the habeas petition without prejudice, noting Hill could properly file a Bivens complaint.

The district court properly dismissed Hill's § 2241 habeas petition without prejudice. A habeas proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. See McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811 (10th Cir. 1997). Where a § 2241 petition is brought "challenging prison disciplinary proceedings, such as the deprivation of good-time credits, [it] is not challenging prison conditions." Id. at 812. Rather, "it is challenging an action affecting the fact or duration of the petitioner's custody." Id.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

2