**F I L E D**

UNITED STATES COURT OF APPEALS

**August 8, 2005**

FOR THE TENTH CIRCUIT

WENDELL ELLIOT RICCO,

      Petitioner-Appellant,

  v.

N. L. CONNER, Warden,

      Respondent-Appellee.

No. 04-3261
(D.C. No. 02-CV-3335-RDR)
(D. Kan.)

ORDER AND JUDGMENT *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Ricco is a federal prisoner incarcerated at the United States Penitentiary in Leavenworth, Kansas. Mr. Ricco filed a habeas petition in the district court under 28 U.S.C. § 2241, alleging that the prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by punishing him too severely for a disciplinary conviction. The district court dismissed Mr. Ricco's habeas petition, finding that there was "no basis to conclude petitioner has been subjected to excessive punishment." R., Doc. 10 at 3.

We conclude that the district court erred by failing to recognize that a habeas action under § 2241 is an improper vehicle for Mr. Ricco's challenges to the prison disciplinary sanctions that are at issue in this case. Although respondent did not bring this error to the district court's attention, the court had an independent duty to properly characterize Mr. Ricco's pro se claims. As a result, the court should have treated this case as a civil rights action or dismissed the case without prejudice. That said, this case ultimately presents a very discrete legal issue under the Eighth Amendment, and, because there are no material factual disputes, we see no reason for a remand at this point. Accordingly, we affirm the district court's denial of relief in this matter.

# I. Background

At a disciplinary hearing held on March 16, 2000, Mr. Ricco was convicted by a discipline hearing officer (DHO) of stealing $46.40 worth of food and other items from the prison's food service. *See* R., Doc. 8, Ex. F. This was Mr. Ricco's third stealing offense in a three-month period, as he had previously been convicted of stealing at disciplinary hearings held on March 3, 2000 (for a stealing offense committed on January 28, 2000) and on January 21, 2000 (for a stealing offense committed on December 15, 1999). *Id.*, Doc. 7, Ex. E at 11, 13.

As sanctions for Mr. Ricco's third stealing offense, the DHO revoked Mr. Ricco's visitation, commissary, and telephone privileges for the remaining twenty-five years of his sentence. *Id.*, Doc. 8, Ex. F at 2. The DHO also imposed sixty days of disciplinary segregation and disallowed forty-one days of good conduct time. *Id.*

Mr. Ricco appealed the DHO's decision, and, on July 13, 2000, the warden affirmed the DHO's decision due to "the repetitive nature of [Mr. Ricco's] behavior coupled with the fact the prior sanctions did not serve as a deterrent of [his] behavior." *Id.*, Ex. A. Mr. Ricco subsequently appealed to the Bureau of Prison's Administrator of National Inmate Appeals, and, on November 7, 2000, the latter affirmed the DHO's decision, finding that "the sanctions were appropriate for the offense committed." *Id.,* Ex. B.

In the meantime, on July 26, 2000, the DHO issued a modified decision in which she reduced the loss of visitation, commissary, and telephone privileges to five years. *Id.*, Doc. 7, Ex. C at 2. Subsequently, in July 2001, the warden fully restored Mr. Ricco's commissary and telephone privileges. *Id.*, Ex. D.

## II. Mr. Ricco's Habeas Petition

In October 2002, Mr. Ricco filed a petition for a writ of habeas corpus in the district court, and he named the warden of Leavenworth as the sole respondent. *Id.*, Doc. 1 at 1. In his habeas petition, Mr. Ricco stated that he was appealing the disciplinary sanctions imposed by the DHO, and he referred to the sanctions as "loss of visitation, telephone privileges, [commissary] privileges (disciplinary segregation and monetary restitution), all for 25-years." *Id.*, Att. A. Mr. Ricco also alleged that he was "placed in [disciplinary] segregation for 100 days, and let out after approximately 2½ months only because somebody felt sorry for [him]." *Id.* In a supplement to his habeas petition, Mr. Ricco alleged that the disciplinary sanctions imposed by the DHO were excessive and in violation of the BOP's policies and the Code of Federal Regulations. *Id.*, Doc. 4 at 11-B.

In his habeas petition and the supplement thereto, Mr. Ricco did not assert any specific constitutional claims, and he did not ask for any particular relief. However, in the response that he filed to respondent's answer to his habeas petition, Mr. Ricco asserted that the sanctions imposed by the DHO were "[a]

-4-

violation of his 8th Amendment, etc., etc., etc.," and he requested that the district court "restore all his rights." *Id.*, Doc. 8 at 2 (original in upper case letters).

In July 2004, the district court entered an order dismissing Mr. Ricco's habeas petition. Although the district court did not specifically characterize Mr. Ricco's claims as being based on the Eighth Amendment, the court noted that "[p]etitioner does not allege he was denied due process in the conduct of administrative disciplinary proceedings. He alleges the sanctions imposed are excessive." *Id.*, Doc. 10 at 2. The court also noted that "[t]his matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner in federal custody." *Id.* at 1. The court then addressed the merits of Mr. Ricco's claims, concluding as follows:

> The lengthy sanctions imposed arise from the repetitive nature of petitioner's institutional misconduct. Under federal regulations, stealing is a High Category prohibited act. 28 C.F.R. Table 3, Prohibited Acts and Disciplinary Severity Scale, No. 219. The misconduct at issue on this matter is the third such offense by petitioner within three months, and the permitted sanctions for such misconduct include any sanctions in the High Category. 28 C.F.R. 541.13, Table 5, Sanctions for Repetition of Prohibited Acts Within Same Category. The available sanctions in the High Category include the loss of privileges. *See id.*, Table 3.
>
> The regulations do not prescribe the length of this sanction. The federal courts generally review the decisions of prison authorities with deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (199[5]) ("federal courts ought to afford appropriate deference and flexibility to . . . officials trying to manage a volatile environment"). In this case, the sanctions were imposed in compliance with the federal regulations, and the decision furthers a legitimate goal of

-5-

deterring institutional misconduct by withholding privileges. In addition, the sanctions were reviewed by prison authorities at intervals and modified. Viewing the record under a deferential standard, the court finds no basis to conclude petitioner has been subjected to excessive punishment.

*Id.* at 2-3.

### III. Proper Characterization of Mr. Ricco's Claims

It is well established in this circuit that § 2241 is an improper vehicle for challenges to the conditions of a prisoner's confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Instead, "[p]etitions under § 2241 are used to attack the execution of a sentence," *id.* at 811, and they "attack[] the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement," *id.* at 812. Consequently, while "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters," *id.* at 811, this is only permitted in cases where the challenged action "affect[ed] the fact or duration of the [prisoner's] custody," *id.* at 812.

In this case, the cover page of Mr. Ricco's habeas petition expressly states that he is "attacting (sic) prison condictions (sic) and procedures," R., Doc. 1 at 1 (original in upper case letters), and he has not asserted any claims that could

affect the fact or duration of his confinement.[1] Thus, the district court erred by failing to recognize that § 2241 is an improper vehicle for Mr. Ricco's claims.

As recognized by respondent in his response brief, *see* Aplee. Br. at 11, one proper vehicle for Mr. Ricco's challenge to the disciplinary sanctions was a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As presently postured, however, this is not a *Bivens* action. As another panel of this court recently recognized, while *Bivens* provides a remedy against individual federal officials who act in an unconstitutional manner, *Bivens* is best understood as providing only a cause of action for damages. *See Simmat v. United States Bureau of Prisons*, No. 03-3361, __ F.3d __, 2005 WL 1541070, at *3-*4 (10th Cir. July 1, 2005). In this case, Mr. Ricco did not assert a claim for damages in the district court proceedings. Moreover, although Mr. Ricco asserted in his opening brief that he "want[s] to be compensated for all [the alleged] mistreatment," Aplt. Opening Br. at 4 (original in upper case letters), Mr. Ricco affirmatively stated in his reply brief that he is not seeking to recover damages in this case, *see* Aplt. Reply Br. at ii and 2. We therefore conclude that it would be improper for this court to now treat this case as a *Bivens* action.

---

[1] In particular, Mr. Ricco is not pursuing any claims related to the portion of the DHO's decision disallowing forty-one days of good conduct time.

The question that remains is whether Mr. Ricco has any viable claims for injunctive relief that need to be treated as non-habeas claims. *See Simmat*, 2005 WL 1541070, at *3-*4 (noting, in civil rights action involving Eighth Amendment claim against federal prison dentists in their official capacities, that the prisoner could seek "an injunction, based on the federal courts' equity jurisdiction, to enforce the dictates of the Eighth Amendment," and distinguishing such an equitable claim from a claim for damages under *Bivens*). As a starting point, because Mr. Ricco is no longer in administrative segregation and his telephone and commissary privileges have been restored, we conclude that Mr. Ricco does not have any viable claims for injunctive relief pertaining to the administrative segregation sanction or the revocation of his telephone and commissary privileges. *Cf. Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that a prisoner's claims for declaratory and injunctive relief were moot in light of his release from prison).

By contrast, Mr. Ricco's visitation privileges have not been restored, and he has steadfastly pursued the restoration of his visitation privileges, both in the district court and in this court. As a result, construing his pro se allegations liberally, we hold that Mr. Ricco has adequately pled an equitable claim for injunctive and/or mandamus relief against the warden of Leavenworth in his official capacity, and the relief being sought is the restoration of Mr. Ricco's

visitation privileges. *See Simmat*, 2005 WL 1541070, at *8 (holding that "federal district courts . . . have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus"). For the reasons set forth below, however, we hold that Mr. Ricco's disciplinary punishment, as modified by the prison officials, does not violate the Eighth Amendment, and he is therefore not entitled to equitable relief.

### IV. Eighth Amendment Claim Regarding Visitation Restriction

In *Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003), a prisoner class action brought under 42 U.S.C. § 1983, the Supreme Court held that a Michigan prison regulation which subjected inmates with two substance-abuse violations to a ban of at least two-years on future visitation did not violate the Eighth Amendment. The Court explained the rationale for its holding as follows:

> Respondents also claim that the [minimum two-year] restriction on visitation for inmates with two substance-abuse violations is a cruel and unusual condition of confinement in violation of the Eighth Amendment. The restriction undoubtedly makes the prisoner's confinement more difficult to bear. But it does not, in the circumstances of this case, fall below the standards mandated by the Eighth Amendment. . . . Michigan, like many other States, uses withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline. This is not a dramatic departure from accepted standards for conditions of confinement. *Cf. Sandlin v. Conner*, 515 U.S. 472, 485 . . . (1995). Nor does the regulation create inhumane prison conditions, deprive inmates of

-9-

basic necessities or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 . . . (1976); *Rhodes v. Chapman*, 452 U.S. 337 . . . (1981).

*Id.* The Court also noted, however, that "[i]f the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations." *Id.* at 137.

Unfortunately, *Overton* does not provide any clear guidance for purposes of this case, as the Supreme Court held only that the minimum two-year revocation period for two substance-abuse violations did not violate the Eighth Amendment, and the court gave no specific indication as to what would constitute "a much longer period." In addition, while this court and other federal courts have applied *Overton* in subsequent cases, the cases are not particularly helpful for purposes of this case. *See, e.g., Wirsching v. Colorado*, 360 F.3d 1191, 1198-1201, 1205 (10th Cir. 2004) (applying *Overton* and holding: (1) that prison officials did not violate a convicted sex offender's familial association and due process rights by refusing to allow prison visits by his daughter due to his refusal to comply with requirements of prison's treatment program for sex offenders; and (2) "that visitation with a particular person does not constitute basic necessity, the denial of which would violate the Eighth Amendment"); *Hernandez v. McGinnis*, 272

-10-

F. Supp. 2d 223, 228 (W.D.N.Y. 2003) (holding that a three-year revocation of a prisoner's visitation privileges did not violate the Eighth Amendment where the revocation was punishment for the prisoner's conduct in attempting to smuggle a six-inch plexiglass shank into the prison's visitation area).

Nonetheless, having carefully considered both the circumstances of this case and the Supreme Court's Eighth Amendment analysis in *Overton*, we conclude that the five-year visitation restriction imposed in this case does not violate the Eighth Amendment. First, this was Mr. Ricco's third stealing offense during a three-month period, and there is no indication that the prison officials acted in an arbitrary manner. To the contrary, the record shows that Mr. Ricco received graduated punishment for a series of disciplinary infractions, and, as set forth above, the punishment was justified given the "repetitive nature of [Mr. Ricco's] behavior coupled with the fact the prior sanctions did not serve as a deterrent of [his] behavior." R., Doc. 8, Ex. A. Second, Mr. Ricco's mail privileges were not revoked and his telephone privileges were fully restored in July 2001, *see* R., Doc. 7, Ex. D, and he has therefore had multiple avenues available for contacting his family and others. Additionally, the prison officials have shown some flexibility in terms of the visitation restriction, as Mr. Ricco has been afforded at least one special visit with his mother and sister. *See* Aplee. Br., Att. B.

In short, as recognized by the district court, "[t]he lengthy sanctions imposed [in this case] arise from the repetitive nature of [Mr. Ricco's] institutional misconduct," R., Doc. 10 at 2, and the visitation restriction "furthers a legitimate goal of deterring institutional misconduct by withholding privileges," *id.* at 3. Accordingly, because we must "afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment," *Sandin*, 515 U.S. at 482, we hold that there is an insufficient legal basis to support Mr. Ricco's Eighth Amendment claim for equitable relief.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge