**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTHONY HENDERSON,

Plaintiff-Appellant,

v.

ECHOSTAR COMMUNICATIONS
CORPORATION; CYNTHIA
ROBBINS; THERESA HOWELL;
ELLEN BRUNSWICK; MEGAN
PRATER,

Defendants-Appellees.

No.  05-1473
(D.C. No. 04-CV-219-EWN-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, Anthony Henderson, appearing pro se, appeals from the district court's order granting summary judgment in favor of defendants. Mr. Henderson alleged that he was illegally discharged because of his disability in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA").[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background Facts

Since the parties are familiar with the facts we discuss only briefly here the facts relevant to Mr. Henderson's appeal. Viewed in the light most favorable to Mr. Henderson, the party opposing summary judgment, the record reveals the following. Mr. Henderson was hit by a car when he was thirteen years old and suffered a closed head injury. As a result, he continues to experience motor problems, in particular a lack of coordination and tremor in his right hand. It appears from the record that his head injury may also have resulted in certain mental disabilities. However, Mr. Henderson admits that he only learned that he may suffer from a mental disability after he stopped working for defendant

---

[1] The district court also dismissed Mr. Henderson's claim of illegal retaliation in violation of the ADA and claims brought under the Family Medical Leave Act. However, Mr. Henderson does not challenge that portion of the district court's decision. Since Mr. Henderson is proceeding pro se, we review his appellate filings liberally. *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). A liberal construction of his brief reveals challenges only to the district court's finding that he was not disabled and its refusal to consider evidence submitted after the magistrate judge made his recommendation.

EchoStar Communications Corporation ("EchoStar") and that the only medical problem he disclosed to EchoStar was the lack of coordination and tremor in his right hand.

Mr. Henderson began working for EchoStar in January 2000 in its customer service representative ("CSR") department. He told the company about the problem with his right hand during the interview process. However, he worked in the CSR department without incident until November 2001 when he transferred to customer service support ("CSS"). During Mr. Henderson's tenure in the CSS department, EchoStar became dissatisfied with his performance. The company required its CSS employees to maintain a 90% rate of productivity, but Mr. Henderson never met that standard. In June 2002, Mr. Henderson asked EchoStar to lower the productivity rate applicable to him due to his "medical condition." Rec. Tab 34, Ex. C. He also provided a report of a neurological exam that he had done in 1995. According to the report, Mr. Henderson's "neurological examination [was] normal except for the tremor involving primarily the right hand." *Id.* Tab 34, Ex. D at 3. The report concluded: "I do not think [Mr. Henderson] should be trained or work in a job that requires fine coordination of the right hand. Although the patient is able to type he is not able to write." *Id.*

EchoStar rejected Mr. Henderson's proposal to lower its productivity standards. Instead, Mr. Henderson was put on a performance plan that required

him to increase his productivity rate by 10% each week until he reached the required rate of 90%. However, Mr. Henderson's productivity rate never exceeded 43%. Moreover, his error rate consistently exceeded EchoStar's limit. Mr. Henderson admits that aside from asking EchoStar to lower his productivity rate, he did not request any other accommodations due to his medical condition. He also admits that he was perceived as having an attendance problem due to the time off that he took in order to attend an insurance course.

On August 5, 2002, EchoStar informed Mr. Henderson that it was terminating his employment. Mr. Henderson asked to be transferred back to the CSR department, but EchoStar refused his request. Mr. Henderson subsequently filed suit against EchoStar claiming that he was fired because he is disabled. EchoStar maintains that Mr. Henderson was fired based on an extensive documentation of poor performance.

## II. Order Granting Summary Judgment

Upon recommendation of the magistrate judge, the district court dismissed Mr. Henderson's ADA claim. The court determined that Mr. Henderson failed to provide evidence that, at the time of his employment with EchoStar, he was disabled within the meaning of the ADA. The court also found that Mr. Henderson produced no evidence that he was qualified for the job with or without a reasonable accommodation or that he was discriminated against because

-4-

of a disability. Relying on *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736 (10th Cir. 1999), the court concluded that Mr. Henderson failed to establish a prima facie case of discrimination under the ADA. The court also rejected Mr. Henderson's claim that his cognitive problems with reading, coordination, memory, and analytical problem-solving rendered him disabled. The court found that there was no evidence that he experienced those problems while working at EchoStar or that EchoStar was ever made aware that he had any mental disabilities.

Finally, the district court refused to consider additional medical evidence that Mr. Henderson submitted with his objections to the magistrate judge's recommendation. The court reasoned that considering new evidence "would frustrate the process of having a magistrate judge make a recommendation, because a litigant who is displeased with the recommendation could always place before the district judge material which was never before the magistrate judge." Rec. Tab 46 at 1.

On appeal, Mr. Henderson challenges the district court's conclusion that he was not disabled within the meaning of the ADA when he worked for EchoStar. He also argues that the court should have considered medical evidence of his disability regardless of when it was submitted.

### III. Discussion

"We review a district court's grant of summary judgment de novo, using the same standards applied by the district court." *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). Viewing the evidence and reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party, we will affirm a grant of summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c).

After considering Mr. Henderson's arguments and conducting a de novo review of the record, we find no reversible error in the district court's decision that Mr. Henderson was not disabled as that term is defined in the ADA. Although the record contains some evidence that Mr. Henderson may suffer from certain cognitive deficiencies, it is undisputed that EchoStar was not made aware of any such impairments until after Mr. Henderson was fired. On the other hand, the record is replete with evidence of Mr. Henderson's substandard performance while he was working in EchoStar's CSS department. Accordingly, we affirm the dismissal of Mr. Henderson's ADA claim for substantially the same reasons relied on by the district court.

We also affirm the district court's decision not to consider the additional evidence that Mr. Henderson submitted with his objections to the magistrate

judge's recommendation. In reviewing a magistrate judge's recommendation, "[t]he district judge *may* . . . receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b) (emphasis added); *see also* 28 U.S.C. § 636(b)(1). This language commits the decision of whether to receive additional evidence to "the sound discretion of the district court." *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004); *see also Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 n.4 (11th Cir. 2002) (explaining that a district court has discretion to refuse supplemental evidence not put before a magistrate judge). Under the abuse-of-discretion standard, "a trial court's decision will not be reversed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005) (quotation omitted).

The additional evidence that Mr. Henderson argues should have been considered consists of medical records from the accident when he was thirteen, other medical records detailing his treatment after a bicycle accident in 2002, and a report of a neuropsychological evaluation completed in 2003. Having reviewed the record and the parties' arguments in light of the abuse-of-discretion standard,

we cannot say that the district judge "made a clear error of judgment or exceeded the bounds of permissible choice" in refusing to consider the additional evidence.[2]

## IV.  The Individual Defendants

To avoid future confusion, we will address an issue not raised by either of the parties — the dismissal of the individual defendants.  The docket sheet reveals that defendants Cynthia Robbins, Theresa Howell, Ellen Brunswick, and Megan Prater were never served with process in this action.  On August 18, 2005, the magistrate judge issued an Order to Show Cause why the Complaint should not be dismissed against the individual defendants for failure to prosecute.  After receiving Mr. Henderson's response to that order, the magistrate judge recommended that the individual defendants be dismissed without prejudice.  However, in an apparent oversight, the district court never acted upon that recommendation.  Instead, the court granted summary judgment to all the defendants based on the motion that EchoStar filed solely on behalf of the company and dismissed the entire case with prejudice.

It is not clear whether the district court's dismissal of the individual defendants was on the merits or based on Mr. Henderson's failure to prosecute.

---

[2]     We also point out that even if the district court had accepted the additional evidence, Mr. Henderson's ADA claim would nonetheless have been dismissed, as the court noted that "the new material would not change the result in this case."  Rec. Tab 46 at 1.

However, on appeal "[w]e are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotation omitted). We conclude that the district court's reasons for granting summary judgment to EchoStar are equally applicable to the individual defendants. Thus, we affirm on the merits the district court's dismissal with prejudice of defendants Robbins, Howell, Brunswick, and Prater.

The district court also denied Mr. Henderson's motion to proceed in forma pauperis ("IFP") on appeal. Mr. Henderson has renewed his request to proceed IFP in this court. Having reviewed the record and Mr. Henderson's arguments, we conclude that he has not raised "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) (quotation omitted). We therefore deny his request to proceed IFP.

The judgment of the district court is AFFIRMED and Mr. Henderson's motion to proceed IFP is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge