**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERBERT OLIVER SPELLER,

Petitioner-Appellant,

v.

H. A. RIOS, JR., Warden,

Respondent-Appellee.

No. 06-1159

(D. of Colo.)

(D.C. No. 05-CV-1511-LTB (CBS))

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Herbert Oliver Speller, a federal inmate proceeding *pro se*, appeals the

district court's denial of his petition for a writ of habeas corpus pursuant to 28

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S.C. § 2241.[1] Applying this Circuit's "firm waiver" rule, we affirm the district court's order and dismiss this appeal.[2]

Mr. Speller is incarcerated at the United States Bureau of Prisons facility in Florence, Colorado. After a hearing, he was found guilty of assaulting another inmate and sanctioned with the loss of 27 days of good time credit. Speller filed a habeas petition seeking to expunge the disciplinary conviction from his record and to restore the lost good time credits. He asserted that the disciplinary proceedings violated his due process rights because a witness he requested did not testify on his behalf.

After reviewing the merits, the magistrate judge of the district court recommended that the habeas petition be denied. The magistrate judge found that the requested witness was (1) medically unable to testify as he was in a coma-like state at the time of the hearing, and (2) his testimony would have been repetitive in any event. On March 9, 2006, the magistrate judge filed his findings and recommendation with the district court. Speller was advised to file any objections to the report with the district court within ten days. The magistrate judge warned,

---

[1] Although Speller seeks a certificate of appealability, one is not necessary for federal prisoners proceeding under 28 U.S.C. § 2241. *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 810 (10th Cir. 1997).

[2] Speller additionally renews his motion to proceed in forma pauperis (IFP), which was denied in the district court for failure to file the requisite financial information. For the reasons set out in this opinion, we also reject his IFP motion.

"Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge." R. vol. I, doc. 28, at 6.

Speller filed no objections with the district court, which accepted the magistrate judge's findings and recommendation and dismissed the action. Speller filed a notice of appeal on April 17, 2006.

We apply a "firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendation waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). The rule does not apply when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequence of failing to object, or when (2) the "interests of justice" require review. *Id.*

Neither of the exceptions to the firm waiver rule apply in this case. As to the first exception, Speller filed no objections with the district court despite the magistrate judge's specific admonition that his appellate rights could be lost.

Moreover, the "interests of justice" exception also does not apply. As the magistrate judge found, Speller had two other witnesses testify on his behalf, neither of whom provided exculpatory evidence. Speller makes no showing that

the requested witness would have provided different or even helpful testimony. Moreover, the Supreme Court makes clear that the ability to call witnesses in the prison disciplinary hearing context is not absolute. *Wolff v. McDonnell*, 418 U.S. 539, 566–73 (1974) (noting that the interests in institutional safety and swift punishment of prisoners may sometimes outweigh the need for prisoners to have an unrestricted right to call witnesses). Finally, even if the hearing officer could somehow have arranged for the witness to testify, ample evidence supported Speller's conviction. *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (Due process requires only "some evidence to support the hearing panel's decision."). Speller essentially admitted his involvement in the assault on two occasions and medical records indicate that he suffered injuries consistent with a physical altercation.

Accordingly, we AFFIRM the district court's order, DENY Speller's motion to proceed in forma pauperis, and DISMISS this action.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

-4-