**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARCUS ALLAN MCINTOSH,

　　　　Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

　　　　Respondent-Appellee.

No. 96-1221

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 96-M-43)

---

Submitted on the briefs:

Marcus Allan McIntosh, pro se.

Henry L. Solano, United States Attorney, Charlotte J. Mapes, Assistant United
States Attorney, Denver, Colorado, for Respondent-Appellee.

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[*] District Judge.

---

BRORBY, Circuit Judge.

---

[*]　　Honorable Robin J. Cauthron, District Judge, United States District
Court for the Western District of Oklahoma, sitting by designation.

Petitioner Marcus A. McIntosh, a federal inmate proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.[1] He challenges the decision of the United States Parole Commission (USPC) revoking his parole. He also seeks to proceed on appeal in forma pauperis. We grant the petition to proceed on appeal in forma pauperis, and we affirm.[2]

Application of 28 U.S.C. § 1915 to 28 U.S.C. § 2241 Habeas Corpus

Petitioner seeks to prosecute his appeal of the denial of his § 2241 petition in forma pauperis.[3] We first consider whether the in forma pauperis filing fee provisions of the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), apply. The PLRA amended 28 U.S.C.

---

[1] We note that a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241. See Bradshaw v. Story, 86 F.3d 164, 165-66 (10th Cir. 1996).

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[3] The district court denied petitioner's request to proceed in forma pauperis on appeal, but petitioner renewed his request to proceed in forma pauperis on appeal before this court. See Fed. R. App. P. 24.

§ 1915 to impose filing fee obligations on a "prisoner" who "brings a civil action or files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1).

We begin with an analysis of the nature and purpose of § 2241 proceedings. We have previously concluded that 28 U.S.C. § 2254 habeas corpus and 28 U.S.C. § 2255 proceedings, and appeals of those proceedings, are not "civil actions" for purposes of 28 U.S.C. §§ 1915(a)(2) and (b). See United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997). We identified several reasons for this conclusion. We noted that habeas corpus proceedings have not consistently been treated as civil actions. Id. at 742. We observed that habeas actions are not the type of abusive, prison condition litigation that Congress sought to curtail in enacting the PLRA. Id. at 743. We also noted that applying the PLRA to § 2254 and § 2255 proceedings would be contrary to a long tradition of permitting ready access to habeas by prisoners. Id.

The factors identified in Simmonds that led us to conclude § 2254 and § 2255 proceedings are not "civil actions" under the PLRA apply with equal force to § 2241 proceedings. Habeas corpus review is available under § 2241 if one is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are "an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Because the nature of a § 2241 proceeding is the same as § 2254 and § 2255 proceedings, we hold, consistent with Simmonds, 111 F.3d at 744, that § 2241 habeas corpus proceedings, and appeals of those proceedings, are not "civil actions" for purposes of §§ 1915(a)(2) and (b).

We are aware that the Seventh Circuit has reached a different conclusion, indicating its belief that a "proper" petition under § 2241 is a civil action subject to 28 U.S.C. §§ 1915(a)(2) and (b). Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996). In Thurman, a prisoner filed a § 2241 action challenging his conviction. Thurman ruled that the action was a mislabeled § 2255 action, but addressed whether 28 U.S.C. §§ 1915(a)(2) and (b) applied to § 2241 proceedings:

> For the reasons [Martin v. United States, 96 F.3d 853, 855 (7th Cir. 1996)] gave in holding that petitions under §§ 2254 and 2255 are not ["civil actions" for purposes of 28 U.S.C. § 1915], we hold that a petition under § 2241 challenging one's sentence likewise is outside [PLRA]. It is functionally a stage in the criminal proceeding; indeed this petition is simply a § 2255 action in the wrong venue. A proper § 2241 action, concerning conditions of confinement, a deprivation of good time credits, or other matters that occur at the prison, by contrast, would not be a continuation of the criminal case, and it would be subject to [ PLRA].

Thurman, 97 F.3d at 187.

Because the proceeding in Thurman was a mislabeled § 2255 action, its statement that a properly filed § 2241 action is a civil action is dicta. We decline to adopt the Thurman analysis because we disagree with its statement that a properly filed § 2241 petition can be used to challenge prison "conditions of confinement." See id. Petitions under § 2241 are used to attack the execution of a sentence, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence, see Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992) (comparing § 2241 with § 2255). However, although a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, see Thurman 97 F.3d at 187, this does not make § 2241 actions like "condition of confinement" lawsuits, which are brought under civil rights laws. A habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted); see Preiser, 411 U.S. at 499-500 (but reserving the question of whether challenges to conditions of confinement may be brought under habeas corpus proceedings, or

are restricted to actions brought under civil rights laws); <u>Otey v. Hopkins</u>, 5 F.3d 1125, 1130-32 (8th Cir. 1993) (court lacked jurisdiction over § 2241 habeas petition because prisoner's challenge to Board of Pardons' procedure was not challenge to fact or duration of his custody).

Thus, a § 2241 action challenging prison disciplinary proceedings, such as the deprivation of good-time credits, is not challenging prison <u>conditions</u>, it is challenging an action affecting the fact or duration of the petitioner's custody. Section 2241 actions are not used to challenge prison conditions such as "insufficient storage locker space . . . and yes, being served creamy peanut butter . . . ." <u>See</u> <u>Simmonds</u>, 111 F.3d at 743 (quoting statement of Sen. Dole describing the type of abusive prison condition litigation sought to be curtailed by PLRA). For this reason, we do not think it appropriate to analyze whether a § 2241 action is a "civil" or a "criminal" action on a case-by-case basis, depending on whether or not it challenges a matter that occurred at the prison, because the essential nature of <u>all</u> § 2241 actions is a challenge to federal custody, which we conclude are not "civil actions" under 28 U.S.C. §§ 1915(a)(2) and (b).

Exempting § 2241 actions from §§ 1915(a)(2) and (b) will not create a loophole for abusive prison condition litigation thereunder. <u>See</u> <u>Green v. Nottingham</u>, 90 F.3d 415, 418 (10th Cir. 1996) ("[a]llowing prisoners to continue filing actions as they had before . . . merely by [reframing pleadings] would allow

a loophole Congress surely did not intend. . . .").  There are logical distinctions between prison condition suits brought under civil rights laws and execution of sentence matters brought under § 2241.  See, e.g., United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997) (challenges to good-time credit and parole procedure go to execution of sentence and should be brought under § 2241; challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983), cert. denied, 116 S. Ct. 736 (1996); Falcon v. United States Bureau of Prisons, 52 F.3d 137, 138 (7th Cir. 1995) (if prisoner is seeking "quantum change" in the level of custody, such as freedom, remedy is habeas corpus; if he is seeking a different program or location or environment, then challenge is to conditions, rather than fact, of his confinement and remedy is under civil rights law); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) (challenges to the fact or duration of prisoner's confinement should be construed as a petition for habeas corpus under § 2241; complaint seeking damages for civil rights violations construed as an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)).

We further emphasize that we hold only that § 2241 proceedings, and appeals of those proceedings, are not "civil actions" for purposes of 28 U.S.C. §§ 1915(a)(2) and (b). A prisoner seeking to proceed in forma pauperis with his or her § 2241 petition remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915.

We turn now to petitioner's request to proceed in forma pauperis. We have reviewed petitioner's affidavit and the other materials filed in support of his motion, and conclude that he has demonstrated "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991); see Coppedge v. United States, 369 U.S. 438 (1962). Therefore, we grant his request to proceed on appeal in forma pauperis.

Parole Revocation

Petitioner challenges the decision of the USPC revoking his parole. "We review de novo the district court's decision to deny habeas relief." Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994). "Judicial review of a Parole Board's decision . . . is a narrow one, and the Board's decision should not be disturbed by the courts unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983).

Petitioner challenges the USPC's findings that he violated his parole by possessing approximately sixteen grams of cocaine with the intent to distribute, and associating with persons engaging in criminal behavior. The magistrate judge's recommendation found that the USPC had a rational basis for these findings. See Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987) (when the USPC's decision rests on factual determinations, those determinations will be sustained if they have a rational basis in the record). Upon review of the record, we find that the magistrate judge's recommendation, as adopted by the district court, is legally correct and supported by the record. Accordingly, the district court's order is AFFIRMED for substantially the reasons stated in the district court's order dated April 26, 1996, adopting the magistrate judge's eleven-page recommendation dated April 15, 1996.