**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**MAR 26 2002**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

DAVID ANDREW WOODRUFF,

     Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS,

     Respondent - Appellee.

No. 01-8013
(D.C. No. 00-CV-120-B)
(D. Wyoming)

ORDER AND JUDGMENT[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Pro se petitioner David Andrew Woodruff, a Wyoming state prisoner, seeks

a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to

challenge the district court's dismissal of his petition for a writ of habeas corpus

as time-barred under 28 U.S.C. § 2244(d).  We deny a COA and dismiss.

On March 12, 1997, Woodruff was convicted in Wyoming state court of

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.  The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

first degree sexual assault and attempted first degree sexual assault. He does not appear to have appealed those convictions. On June 15, 2000, he filed a petition for a writ of habeas corpus based on the premise that he "is presently denied his right to access the court," and that he "has this right pursuant to Wyoming Constitution Art. 158 and the 14th and 5th amendment due process clauses of the US Constitution." (R. Doc. 1 at 1.) The district court dismissed the petition, reasoning that it was untimely because it was filed more than a year after his convictions became final.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, prisoners challenging the validity of their convictions under 28 U.S.C. § 2254 generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Id. Nevertheless, prisoners may file a habeas petition one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).

In dismissing the petition as time-barred, the district court applied the period of limitation set forth in § 2244(d)(1)(A), without giving consideration to the alternate period set forth in § 2244(d)(1)(D). It seems to us that the latter is a

better fit. Woodruff seeks relief, not the on the basis of errors in his prosecution, but on the ground that his indigent status prevents him from meaningful access to the courts (e.g., he claims to be unable to pay filing fees and is prevented from making photocopies and using a typewriter). In addition, he takes issue with the actions of several courts—from the Wyoming district court to the United States Supreme Court—in a civil case where "Woodruff claimed he wishe[d] to challenge his conviction on grounds he was refused counsel at trial and to challenge the conditions of confinement." (R. Doc. 1 at 2.) In one of his objections, Woodruff clarifies that his "habeas corpus petition isn't challenging trial or sentencing errors of the court who convicted him." (R. Doc. 7 at 2.)

Nevertheless, we decline to issue a COA because the substantive claims for which Woodruff seeks habeas relief—i.e., early release—are not cognizable under the federal habeas corpus statutes. Under our precedent, "condition of confinement" suits by state inmates are civil rights suits properly brought under 42 U.S.C. § 1983. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811–12 (10th Cir. 1997).[1]

_____

[1] We note that the relief sought by Woodruff is not available in a § 1983 suit. See McIntosh, 115 F.3d at 812 ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation omitted)). Petitioner specifically
(continued...)

Petitioner's application for a COA is therefore **DENIED**, and this matter is

**DISMISSED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

_____

[1](...continued)
claims that "remedies such as monetary or injunctive [relief] will not remedy" his
injury. (R. Doc. 1 at 2.)