**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN HAMMONS,

　　　Petitioner-Appellant,

v.

RON WARD, Warden,

　　　Respondent-Appellee.

No. 02-6326
(D.C. No. 02-CV-543-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **PORFILIO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2241 state prisoner appeal.[1] Mr. Hammons, a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]The Petition was filed on a form for 28 U.S.C. § 2254 petitions. However, since Petitioner is challenging the execution of his sentence and not the conviction and sentence itself, his Petition is construed as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See McIntosh v. United States

(continued...)

prisoner incarcerated at the Great Plains Correctional Facility in Oklahoma, was charged with disciplinary misconduct for obtaining money from his inmate mandatory savings account under false pretenses. Mr. Hammons was found guilty of the offense and disciplined. After exhausting his administrative remedies, Mr. Hammons filed a petition in the district court alleging that there was no evidence to support the disciplinary conviction. The district court denied the petition, and Mr. Hammons applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citations and internal quotations omitted).

We will not disturb disciplinary actions by prison administrators so long as there is "some evidence" to support the action. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Such a review does not require "examination of the entire record, independent assessment of the credibility of witnesses, or

---

[1](...continued)
Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997).

-2-

weighing of the evidence." Id. We must merely determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Oklahoma law provides that funds from an inmate's mandatory savings "account may be used by the inmate for fees or costs in filing a civil or criminal action . . . ." Okla. Stat. tit. 57, § 549(A)(5) (2003). The record indicates that Mr. Hammons requested that a check for $400.00 be issued from his account to pay fees charged by the Court Clerk for the District Court of Oklahoma County for photocopying various documents in connection with Mr. Hammons' state court criminal proceeding. Such costs are not associated with the filing of a civil or criminal action. Accordingly, we find that the disciplinary action was supported by "some evidence."

We have carefully reviewed Mr. Hammons' brief, the district court's disposition, the magistrate judge's report and recommendation, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. Hammons' brief raises an issue which meets our standards for the grant of a certificate of appealability. Therefore, for substantially the same reasons as set forth by the district court in its Order of October 4, 2002, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal. Appellant's motion to proceed *in forma pauperis* on appeal is GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge