F I L E D
United States Court of Appeals
Tenth Circuit

MAY 7 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CLIFFORD FLEETWOOD, Ph.D.,

　　　　Plaintiff-Appellant,

　　v.

WELLINGTON WEBB; GERRY
WHITMAN; RAYMOND G.
SANCHEZ, Attorney at Law; JOE
JARAMILLO, also known as El Wino
Jaramillo; REBECCA I. JARAMILLO;
TOMASITA JARMARILLO; DAVID
SANTILLANS, Family Crime Boss;
JANE DOE GORDON; JOHN DOE
MCBRIDE, #89-23; MARY DOE
DOBBINS, #00-75; JOHN DOE
ADDISON, #00-25; JOHN DOE
COLBURN; MARY DOE MADRID,
P.A.; JOHN DOE SANTANGELO;
JOHN DOE LOVATO, S.C., JOHN
DOE MAYER; VICKI O'CONNOR;
I.C. LEWIS, Prison # 1267871;
STEVE ROBERTS, prison # 1269128;
MARK PITTMAN, prison # 1246423;
TED MARTINEZ, N.M. Prison #
25593; FOX COMMUNICATIONS
CORP.; KOOL RADIO; JOHN DOE
LADD, # 91-33; DAVID
PONDERELLI; JOHN DOE
SOMMERVILLE; JOHN DOE
PABLO; JOHN DOE ORTEGA # 92-
93; JANE DOE OATS; PAULA
WOODWARD, 9 News, Denver;
ANDREW LISKA; DAVID GLEIM;
SHIRLEY MAZERECK,

　　　　Defendants-Appellees.

No. 02-1396
(D. Colorado)
(D.C. No. 02-Z-991)

---

**ORDER**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Clifford Fleetwood, Ph.D., seeks to appeal the district court's dismissal without prejudice of his civil rights complaint. In addition, Dr. Fleetwood has filed a motion to proceed in forma pauperis (IFP) in this appeal. In order to proceed IFP, he must demonstrate a financial inability to pay the required fees and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).

In his complaint, Dr. Fleetwood alleges that the defendants unlawfully conspired to extort money from him and to incarcerate him. On May 23, 2002, the district court issued an order requiring Dr. Fleetwood to correct certain deficiencies in his complaint within thirty days. The deficiencies included the failure to submit a certified trust fund statement; certain pages of the complaint

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of unpublished orders; nevertheless, this order may be cited under the terms and conditions of 10th Cir. R. 36.3.

form; an original and copies of the complaint, motion to proceed IFP, and supporting affidavit; and sufficient copies of the complaint for the purpose of service on the named defendants.

Dr. Fleetwood then filed a motion requesting a stay of the action for one year while he prepared the necessary documents. A magistrate judge denied the request for a one-year stay but granted Dr. Fleetwood an additional thirty days to cure the deficiencies. Dr. Fleetwood failed to file the required documents before the expiration of the second thirty-day period, and the district court then dismissed the action without prejudice.

We discern no error in the district court's approach. As the district court observed, Dr. Fleetwood may initiate a new action by filing the required documents with the district court.

We note that in his appellate brief, Dr. Fleetwood argues that the defendants have deprived him of access to a law library and to documents necessary to pursue his claims. However, if there are circumstances that prevent Dr. Fleetwood from submitting the documents required by the district court, he may seek relief from that court. The arguments he makes here do not suggest that the district court erred in dismissing his complaint without prejudice.

Accordingly, we DENY his motion to proceed IFP and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge