F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL A. BETHEL,

      Petitioner-Appellant,

v.

KAREN ROHLING, Warden, Larned
Correctional Mental Health Facility;
PHIL KLINE, Attorney General,
Attorney General of the State of
Kansas,

      Respondents-Appellees.

No. 06-3107
(D.C. No. 04-CV-3411-MLB)
(Kansas)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

      Michael Bethel, a Kansas state prisoner, filed this application for a

certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1)(A), seeking

to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.

He also seeks leave to proceed *in forma pauperis* (*ifp*) on appeal. We grant his

petition to proceed *ifp* but deny his application for a COA.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

Mr. Bethel was charged with one count of capital murder and two counts of first degree murder. In exchange for the state's agreement not to seek the death penalty, the defense agreed to a bench trial on stipulated facts. One of those stipulated facts was that Mr. Bethel told detectives God told him to kill the victims. There was no dispute that Mr. Bethel intended to kill his three victims, or that he is mentally ill.

Following his conviction, Mr. Bethel filed an appeal with the Kansas Supreme Court, claiming among other things that (1) KAN. STAT. ANN. § 22-3220 violated his rights under the Due Process Clause by abolishing the affirmative defense of insanity, and (2) the Kansas *mens rea* approach to insanity unconstitutionally shifted to the defendant the burden of proof on the issue of intent. In a published opinion, the Kansas Supreme Court concluded there is no fundamental right to an insanity defense and the state's abolition of an affirmative insanity defense therefore did not violate Mr. Bethel's right to due process. *State v. Bethel*, 66 P.3d 840 (Kan. 2003).[1] We note that under the Kansas statute to which Mr. Bethel objects, "[it] is a defense to a prosecution . . . that the defendant, as a result of mental disease or defect, lacked the mental state required as an element of the offense charged." KAN. STAT. ANN. § 22-3220. Thus, as the Supreme Court recently noted, the Kansas statute still "allow[s] consideration of

---

[1]The United States Supreme Court denied Mr. Bethel's petition for a writ of certiorari. *Bethel v. Kansas*, 540 U.S. 1006 (2003).

evidence of mental illness directly on the element of *mens rea* defining the offense." *Clark v. Arizona*, 126 S. Ct. 2709, 2721-22 (2006).  In this case, however, Mr. Bethel stipulated that "he intended to kill [the three victims], and that he premeditated the murders," *Bethel*, 66 P.3d at 843, thus admitting the elements of the crime.

In the present habeas petition, Mr. Bethel contends (1) he was precluded from putting on an insanity defense by the enactment of KAN. STAT. ANN. § 22-3220, and (2) application of KAN. STAT. ANN. § 22-3220 effectively abrogated an essential element of *mens rea*.  Under AEDPA, a habeas petition may not be granted unless the state court's resolution of the disputed claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The district court denied Mr. Bethel's petition.  The court relied on *Medina v. California*, 505 U.S. 437, 449 (1992), where the Court stated, "we have not said that the Constitution requires the States to recognize the insanity defense." Consequently, the court concluded the Kansas legislature's abolition of the insanity defense and the Kansas Supreme Court's decision upholding that abolition cannot be deemed "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law . . ." § 2254(d)(1).  Moreover, given the United States Supreme Court's statement in *Powell v. Texas*, 392 U.S. 514, 535 (1968), that "this Court has never articulated a general constitutional

doctrine of *mens rea*," the district court concluded there is no clearly established federal law on that issue either.

A "COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c).

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Id.* at 483-84 (quotation marks omitted). Mr. Bethel asserts reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. While Mr. Bethel may be correct, this assertion does not adequately respond to the more demanding question we must answer when evaluating a habeas petitioner's application for a COA. As the Supreme Court explained in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), we are required to "look to the District Court's *application of AEDPA to petitioner's constitutional claims* and ask whether *that* resolution was debatable among jurists of reason." (emphasis added). Thus, we must ask whether the district court correctly applied AEDPA deference in evaluating the state court ruling. As we have previously noted, the district court may grant a habeas petition only after a showing that the state's resolution of the claim was "contrary to, or involved an unreasonable application

-4-

of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). After reviewing the record in this case, Supreme Court precedent, and relevant scholarly articles, we conclude the district court correctly determined that Mr. Bethel's claims were not debatable in light of the § 2254 standard.

Because Mr. Bethel has not met his AEDPA burden, we may not issue a COA. We do conclude, however, that Mr. Bethel has demonstrated the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir.1997) (internal quotation omitted). He is therefore entitled to *in forma pauperis* statutes on appeal.

We **GRANT** Mr. Bethel's motion to proceed *ifp*, **DENY** his application for a COA, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge