**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KINNEY FITZGERALD RUSSELL,

Petitioner-Appellant,

v.

JAMES W. HARRISON, JR.,
Commandant, United States
Disciplinary Barracks,

Respondent-Appellee.

No. 06-3394

(D. Kansas)

(D.C. No. 06-CV-3126-RDR)

ORDER AND JUDGMENT[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Kinney F. Russell, a military prisoner proceeding *pro se*, appeals from the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. The

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court dismissed Russell's § 2241 petition without prejudice because Russell had not exhausted his military remedies. *See Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975). Exercising jurisdiction pursuant to 28 U.S.C. § 1291,[1] we **affirm** the judgment of the district court.

Russell does not contend he has exhausted his military remedies. Instead, he contends the military lost jurisdiction to hold him when he was dishonorably discharged from the military. Concomitantly, Russell argues that because he is no longer an active member of the military, the military courts are barred from reviewing, under the Uniform Code of Military Justice, the propriety of his incarceration. As noted by the district court, however, both the Supreme Court and this court have held that a complete discharge does not deprive the military of jurisdiction over individuals similarly situated to Russell. *Kahn v. Anderson*, 255 U.S. 1, 8-9 (1920); *Ricks v. Nickels*, 295 F.3d 1124, 1131 (10th Cir. 2002). Thus, Russell is simply wrong in asserting he cannot exhaust his military remedies because the military courts no longer have jurisdiction over him and the district court was correct in dismissing Russell's § 2241 petition without prejudice based on Russell's failure to exhaust.

---

[1]Because Russell is a federal prisoner proceeding under § 2241, he need not obtain a certificate of appealability as a prerequisite to this court reaching the merits of his appeal. *McIntosh v. United States Parole Comm.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

The order of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge