**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUDY ANDERSON FLEMING,

Petitioner,

v.

RAILROAD RETIREMENT BOARD,

Respondent.

No. 08-9581
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Judy Anderson Fleming, proceeding pro se, petitions for review of the

decision of the Railroad Retirement Board ("the Board") denying her application

for survivor benefits under the Railroad Retirement Act ("RRA").[1] We have

jurisdiction over the petition for review pursuant to 45 U.S.C. § 231(g), which

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     At the time of her initial application, petitioner identified herself as Judy I. Anderson. She now identifies herself as Judy Anderson Fleming.

incorporates by reference the provisions pertaining to judicial review from the Railroad Unemployment Insurance Act set forth at 45 U.S.C. § 355(f). *See Gatewood v. R.R. Ret. Bd.*, 88 F.3d 886, 888 (10th Cir. 1996). We affirm.

## Discussion

On review of Ms. Fleming's petition, we must uphold the Board's decision if "the Board's factual findings are supported by substantial evidence and its decision is not based on an error of law[.]" *Id.*

Ms. Fleming filed an application for a widow's annuity under the RRA on August 11, 2004, based on the service record of Percy J. Fleming. Ms. Fleming's claim for a survivor's benefit was based on her alleged common law marriage to Mr. Fleming. In her initial application, Ms. Fleming stated that she and Mr. Fleming had lived together in three states: California, Nevada, and Nebraska. Her claim was denied initially because she and Mr. Fleming did not enter into a union in a state which recognizes common law marriages.

Ms. Fleming moved for reconsideration and her request was denied. She appealed that denial to the Bureau of Hearings and Appeals. A telephonic hearing took place in January 2007. At the hearing, Ms. Fleming testified that while she and Mr. Fleming were living in Nebraska, they were also living in Kansas, a state which does recognize common law marriage. The Hearings Officer denied Ms. Fleming's claim for benefits, concluding that Ms. Fleming had failed to meet the requirements to establish a common law marriage in Kansas.

-2-

Ms. Fleming then appealed the Hearings Officer's decision. The Board agreed with the Hearings Officer that Ms. Fleming "ha[d] not submitted any credible evidence to support the claim that she and Mr. Fleming lived as husband and wife in the state of Kansas[.]" Admin. R. at 4-5.

On appeal, Ms. Fleming argues generally that the Board erred in concluding that she was not the common law wife of Mr. Fleming, but she does not offer any argument with supporting legal authority or record evidence to show how the Board erred in its determination. After careful review of the certified administrative record and the parties' briefs, we conclude that substantial evidence supports the Board's factual findings and that its decision is not legally erroneous. Accordingly, we affirm the Board's decision for substantially the same reasons contained in its opinion dated November 27, 2007.

### Conclusion

The petition for review is DENIED. Ms. Fleming's motion to proceed in forma pauperis is also DENIED because Ms. Fleming has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Ms. Fleming must pay the full appellate filing fee within twenty days from the date of this order.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-