**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM McGHEE,

     Plaintiff-Appellant,

v.

PAULA BIAMONT, Inmate
Accountant, Southern NM
Correctional Facility; ROBERT
ULIBARRI, Warden, Central New
Mexico Correctional Facility;
MICHAEL BURKHART, Grievance
Officer, CNMCF; JOSE ROMERO,
Former Warden, CNMCF; ERMA
SEDILLO, Grievance Appeals Officer,
New Mexico Corrections Department,
NMCD; BAYOLA LUNA, Legal
Support Worker, SNMCF,

     Defendants-Appellees.

No. 09-2100
(D.C. No. 07-CV-00609-BB-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William McGhee, a state prisoner proceeding *pro se*, appeals from the district court's final judgment awarding nominal damages and interest, but not punitive damages, for a violation of his due process rights. We now affirm this judgment.

It is undisputed that, while incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"), Mr. McGhee received a misconduct report accusing him of damaging a law book that he had checked out. While Mr. McGhee admitted checking out the book, he denied damaging it. Mr. McGhee elected to have a hearing on the matter. But at almost the same time, Mr. McGhee was transferred to the Central New Mexico Correctional Facility ("CNMCF"). Mr. McGhee's hearing on the misconduct charge was therefore scheduled to be heard at the CNMCF. As it happened, however, the hearing was never held. Instead, Paula Biamont, an employee of the New Mexico Corrections Department who handles inmate accounts, withdrew a total of $78.00 from Mr. McGhee's prison account to pay for the damage to the law book.

In response, Mr. McGhee sent Ms. Biamont two letters. The first letter asked Ms. Biamont to withdraw the $78.00 charge she had assessed against Mr. McGhee, because he had not been afforded a hearing to determine whether he actually damaged the law book. Ms. Biamont responded by explaining that Mr. McGhee had signed a form promising to pay for any damage to the law book while it was in his possession, and the replacement charge for the damaged book

- 2 -

was $78.00. Mr. McGhee then sent a second letter asserting that (1) it had not been proven that the damage to the law book occurred while it was checked out to Mr. McGhee, and (2) there had been no hearing to resolve that issue. Mr. McGhee also included a multi-page defense to the charge that he had damaged the book. Ms. Biamont responded that she had sent copies of the second letter to two other prison officials, because "[t]he charge of $78.00 for the damaged book was initiated from [the Education Department and Library] and they would be the ones to withdraw it." R. at 43. Eventually, SNMCF voluntarily returned the $78.00 it had debited from Mr. McGhee's inmate account.

Before SNMCF did so, however, Mr. McGhee commenced this action in the United States District Court for the District of New Mexico, asserting several claims under 42 U.S.C. § 1983 and state law, and seeking various relief including punitive damages. The suit alleged, among other things, that Ms. Biamont violated Mr. McGhee's due process rights when she withdrew $78.00 from Mr. McGhee's prison account without providing him a hearing to determine whether he actually damaged the law book. In due course, the district court adopted a magistrate judge's recommendation and granted summary judgment in favor of Mr. McGhee on his due process claim. Because by this time the $78.00 had already been returned to Mr. McGhee's account, the court awarded only $1.00 in nominal damages and $3.28 in interest for the loss of use of the money during the relevant period. The district court further found that Mr. McGhee was not

entitled to punitive damages, because the evidence did not show "evil motive or reckless or callous indifference by Defendant Biamont." D. Ct. Order of Mar. 17, 2009, at 2. Having resolved Mr. McGhee's claims in full, the court entered a final judgment from which Mr. McGhee now appeals.**

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249. While we have construed Mr. McGhee's filings liberally given his *pro se* status, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we agree with the district court that there is no evidence to support an award of punitive damages.

Punitive damages are appropriate in an action under § 1983 only if the challenged conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of

---

** On appeal, Mr. McGhee seeks to raise for the first time a claim that prison officials are retaliating against him by poisoning his food and medication. This claim does not appear in Mr. McGhee's amended complaint and was never raised below. We therefore decline to consider this claim.

others." *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (internal quotation marks omitted).

Mr. McGhee claims that there is sufficient evidence to submit the question of punitive damages to a jury under this standard. Specifically, Mr. McGhee argues that Ms. Biamont recklessly disregarded his constitutional rights when she (1) withdrew the money from his prison account and (2) refused to return the money after Mr. McGhee sent her evidence that he did not damage the law book. We disagree. There is no evidence in the record that Ms. Biamont recklessly disregarded Mr. McGhee's due process rights. Ms. Biamont responded promptly to both letters from Mr. McGhee. Moreover, when she received Mr. McGhee's second letter, which included a multi-page defense to the charge that he had damaged the law book, Ms. Biamont forwarded this information to prison officials who could return the $78.00 debited from Mr. McGhee's inmate account. And they did exactly that, returning the $78.00 to Mr. McGhee's prison account. We, like the district court, simply do not see in the record this sort of evidence required for a reasonable jury to conclude that Ms. Biamont recklessly disregarded Mr. McGhee's constitutional rights. *See, e.g.*, *Flanery v. Wagner*, No. 98-3235, 1999 WL 314615, at *2 (10th Cir. May 19, 1999) (unpublished) (holding that summary judgment was proper because plaintiff made no showing that defendant's conduct rose to the level required to award punitive damages).

We thus affirm the district court's judgment denying punitive damages for substantially the same reasons the court gave in its decision, and dismiss this appeal. In addition, because Mr. McGhee has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issue[] raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997), his motion for leave to proceed *in forma pauperis* is denied, and he must immediately pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge