FILED
United States Court of Appeals
Tenth Circuit

August 31, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

JAMES CRAIG LITTERAL,

Petitioner - Appellant,

v.

LUPE MARSHALL, Warden,
Western New Mexico Correctional
Facility; GARY KING, Attorney
General of the State of New Mexico,

Respondents - Appellees.

No. 11-2135
(D.C. No. 1:10-CV-00744-MCA-WDS)
(D. N. M.)

ORDER DENYING CERTIFICATE OF APPEALABILITY*

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

James Litteral is a prisoner with the New Mexico Corrections Department.
He filed a habeas corpus petition under 28 U.S.C. § 2241, arguing that he was
being denied a protected liberty interest in good time credits and a parole hearing.
Although Mr. Litteral has earned over twenty years of good time credits, he is
serving a life sentence, and the New Mexico Supreme Court has held that lifers

---

* This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

cannot be released on parole before serving thirty years, regardless of the good time credits they may have accrued. *See Compton v. Lytle*, 81 P.3d 39 (N.M. 2003). This court has held that petitions such as Mr. Litteral's are properly characterized as § 2241 petitions because they concern the execution of a sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters"). The magistrate judge assigned to Mr. Litteral's habeas petition denied the petition, Mr. Litteral objected, and the district court accepted the magistrate judge's recommendation over Mr. Litteral's objection. Mr. Litteral now seeks from us a certificate of appealability ("COA") to appeal this decision.

We may grant a COA only if Mr. Litteral makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Litteral must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Litteral fails to meet this high threshold. The New Mexico Supreme Court has interpreted New Mexico statutes to hold that inmates serving a life

sentence cannot become eligible for parole until they have served thirty years of their sentence. Whether the New Mexico courts have erred in interpreting New Mexico statutes is a purely state law question that we cannot address through federal habeas. *See Johnson v. Mullin*, 505 F.3d 1128, 1141 (10th Cir. 2007) ("'[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions.'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991))). Neither was the New Mexico Supreme Court's decision in *Compton* so unforeseeable as to make its application to Mr. Litteral violate due process. *See Hawkins v. Mullin*, 291 F.3d 658, 663-65 (10th Cir. 2002) ("[A] state court's retroactive application of an unforeseeable interpretation of state law may deprive a criminal defendant of due process."). *Compton* simply held that general good time statutes broadly referencing "any inmate" did not override the specific requirement in New Mexico's Probation and Parole Act that inmates serving life sentences only become eligible for parole after thirty years. *See Compton*, 81 P.3d at 41; N.M. Stat. Ann. § 31-21-10(A) (1988); N.M. Stat. Ann. 1978, § 33-8-14 (1988) (referring to "every inmate"). This interpretation of state law did not deprive Mr. Litteral of due process. Nor has Mr. Litteral identified any other federal right that might be affected by *Compton*'s application to him.

Because we conclude that no reasonable jurist would debate the district court's disposition of Mr. Litteral's claims, we deny Mr. Litteral's application for

a COA and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge