**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN L. CALVERT,

     Petitioner - Appellant,

v.

DEBORAH DENHAM, Warden,

     Respondent - Appellee.

No. 14-1414
(D.C. No. 1:14-CV-01966-LTB)
(D. Colo.)

---

**ORDER**

---

Before **GORSUCH**, **McKAY,** and **BACHARACH**, Circuit Judges.

The petitioner's request for panel rehearing is granted, but solely for purposes of amending the first sentence of the Order and Judgment issued on February 9, 2015. The amended version is attached and shall be issued nunc pro tunc to the original filing date.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

February 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN L. CALVERT,

      Petitioner - Appellant,

v.

DEBORAH DENHAM, Warden

      Respondent - Appellee.

No. 14-1414
(D.C. No. 1:14-CV-01966-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **McKAY,** and **BACHARACH**, Circuit Judges.

---

John Calvert was convicted of numerous federal crimes and sentenced to nearly twenty years in custody — a term that, according to the Bureau of Prisons (BOP), is set to expire in 2018, accounting for the good time credit he has earned. *See* 18 U.S.C. § 3624(b). But Mr. Calvert sees it differently. Certain that he deserves an earlier release, he filed this 28 U.S.C. § 2241 suit challenging the execution of his sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

811 (10th Cir. 1997) (explaining that § 2241 is the proper vehicle for disputing good time credit calculations). He claims that instead of giving him the 54 days of credit he's due each year under the statute, *see* 18 U.S.C. § 3624(b), the BOP has awarded him only 47 days per year.

But the only evidence before us suggests the opposite. According to a good time tally sheet generated by the BOP, Mr. Calvert has accumulated 54 days of credit for each year he's spent behind federal bars. The document suggests the BOP has done exactly what it's supposed to: "preliminarily put . . . 54 days to the side" each year until, when accounting for the trove of accumulated credits, less than one year of prison time remains. *Barber v. Thomas*, 560 U.S. 474, 476-77 (2011). At that point — for Mr. Calvert, sometime in 2018 — the BOP will prorate the remaining good time credits based on a relatively obscure mathematical formula. *See id.* at 492-93 (appendix explaining the BOP's method); *see also id.* at 494 (Kennedy, J., dissenting) (describing the formula as one "federal prisoners . . . will be unable to understand"). Mr. Calvert won't get 54 days of credit for each year of the sentence originally handed down by the district judge, but rather 54 days of credit for each year actually served. *See Barber*, 560 U.S. at 479-80. To the extent he contends the statute calls for a different approach, *Barber* precludes that exact argument. *See id.* And to the extent Mr. Calvert seems to suggest that the BOP's good time sheet was knowingly falsified in some fashion, he fails to identify any facts that might

- 2 -

support such an accusation, leaving us unable to discern in his complaint any viable claim that might warrant relief. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

The district court's *sua sponte* order of dismissal is affirmed and Mr. Calvert's motion to proceed *in forma pauperis* is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge