**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JACQUES PIERRE WARD,

      Plaintiff - Appellant,

v.

DENVER SHERIFF DEPARTMENT;
OFFICER D. SWAN,

      Defendants - Appellees.

No. 16-1294
(D.C. No. 1:15-CV-02565-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.[**]

---

Plaintiff-Appellant Jacques Pierre Ward, a state inmate appearing pro se, seeks to appeal from the district court's dismissal without prejudice of his "Petition for Injunctive Relief Pursuant to 42 U.S.C. § 1983." Our jurisdiction arises under 28 U.S.C. § 1291. We deny Mr. Ward's motion to proceed IFP and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

On November 23, 2015, Mr. Ward filed a petition for injunctive relief in federal district court, seeking an order "enjoining Denver Sheriff Department officers from hindering and obstructing [his] efforts to access the [c]ourts." 1 R. 5. Two days later, the district court directed Mr. Ward to cure deficiencies with his filing and to use the court-approved forms to comply with 28 U.S.C. § 1915. Id. at 8–9. After granting multiple requests for extensions of time, on June 15, 2016, the district court dismissed without prejudice Mr. Ward's case for failure to comply with the court order and file an operative pleading. Fed. R. Civ. P. 41(b); 1 R. 136–40. The court also warned Mr. Ward that he was very close to obtaining a third strike under 28 U.S.C. § 1915(g), based on his two prior strikes for filing legally frivolous suits and failing to comply with pleading requirements. 1 R. 138.

In his brief, Mr. Ward contends that he could not comply with the district court's order because he was having difficulty accessing his mail and photocopying services while incarcerated. Aplt. Br. at 16. But between November 23, 2015, and June 15, 2016, Mr. Ward filed some 13 motions, letters, or affidavits with the district court. We agree with the district court's conclusion on this point: "[i]n light of the numerous filings [Mr. Ward] has submitted to the Court over the past six months in lieu of filing a Prisoner Complaint as directed, the Court finds that this allegation is insufficient to excuse [Mr. Ward]'s repeated failure to comply with Court Orders." 1 R. 138.

Accordingly, we DENY Mr. Ward's motion to proceed IFP for want of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks and citation omitted), and order immediate payment of any unpaid balance of the appellate filing fee. We DISMISS the appeal as frivolous, resulting in two strikes being imposed under 28 U.S.C. § 1915(g). See Jennings v. Natrona Cty. Det. Ctr. Med. Facility, 175 F.3d 775, 780–81 (10th Cir. 1999), overruled on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). All pending motions and requests are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge