**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

RYAN GRIFFIN,

    Plaintiff - Appellant,

v.

AUGUST BAUBY; KIMBERLY MORA,

    Defendants - Appellees.

No. 24-1299
(D.C. No. 1:24-CV-01532-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Pro se Plaintiff Ryan Griffin seeks recalculation of his sentence and damages for false imprisonment under 42 U.S.C. § 1983. But as the district court concluded, he must submit an application for habeas corpus. Accordingly, we dismiss his claims as frivolous[1]. We also deny his request to file *in forma pauperis* and for injunctive relief.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Griffin seeks a Certificate of Appealability from this court, but he does not need one. Certificates of Appealability are necessary only for applications for habeas corpus. Construing this filing liberally, we assess this motion as an appeal of the district court's order dismissing his claim as frivolous under § 1915(e)(2)(B)(i).

## I. Background

Mr. Griffin is a prisoner in custody of the Colorado Department of Corrections. He has been in and out of various detention centers in New Mexico, Arizona, Utah, and Colorado since his initial sentencing in Colorado in 2019. He was released from detention for a brief period before being returned to Colorado and claims that the time he spent at liberty should still count toward his sentence. Failure to count that time, Mr. Griffin says, violates his Eighth and Fourteenth Amendment rights. He seeks declaratory, injunctive, and monetary relief under § 1983.

The district court dismissed his claims. The court found that it could not grant the relief he requested for two reasons: his requests for declaratory and injunctive relief could be granted only through habeas corpus, and his suit for money damages was barred by *Heck v. Humphrey.* The district court dismissed his claims without prejudice and noted that any appeal would not be taken in good faith.

Before filing this appeal, Mr. Griffin moved for injunctive relief against the same defendants for interfering with his access to the courts. He claims that his limited access to the law library and two rejected request forms show interference and that his inability to meet filing deadlines shows actual injury.

## II. Analysis

The district court dismissed Mr. Griffin's action as part of the IFP screening process, *see* 28 U.S.C. § 1915(e)(2)(B), so we review de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (reviewing de novo a dismissal of IFP complaint for failure to state a claim under § 1915(e)(2)(B)(ii)). As a pro se prisoner, we also construe

2

Mr. Griffin's claims liberally, but we do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Griffin's request for declaratory and injunctive relief ultimately challenges the duration and fact of his incarceration. This circuit has distinguished civil rights actions like § 1983 from habeas corpus. Prisoners may challenge the *conditions* of their confinement under § 1983, but "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). Mr. Griffin wants an earlier release date; he therefore must pursue a writ of habeas corpus.

This also dooms his request for money damages. We are bound by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), which holds that money damages are unavailable where such a ruling would imply the sentence is invalid.

Mr. Griffin's attempts to evade the *Heck* bar are unpersuasive. Mr. Griffin claims that he does not challenge the conviction or sentence, just its calculation, but the Supreme Court has held that a § 1983 action is barred "if success in that action would necessarily demonstrate the invalidity of confinement *or its duration*." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis added). The miscalculation of time served is inherently an attack on the duration of a sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–488 (1973) ("So, even if restoration of respondents' good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that

confinement, their suits would still have been within the core of habeas corpus in attacking the very duration of their physical confinement itself.")

Mr. Griffin argues he need not exhaust state-court remedies before proceeding under § 1983, and he is correct. He does, however, need to invalidate the sentence before bringing his money damages claim. He may also seek federal habeas, but for that relief he must exhaust state remedies.

The district court explained that Mr. Griffin could not receive relief under § 1983 and dismissed his claims without prejudice so that they could be refiled in an application for habeas corpus. The district court also certified in writing that any appeal from that dismissal would not be taken in good faith under 28 U.S.C. § 1915(a)(3), the Prison Litigation Reform Act. Accordingly, we find this appeal frivolous and deny Mr. Griffin's motion to continue *in forma pauperis*. Our dismissal of this appeal as frivolous counts as one "strike" under the PLRA, 28 U.S.C. § 1915(g).

### III. Conclusion

The case is dismissed as frivolous. Mr. Griffin's motion to proceed IFP is denied, and he is directed to pay his filing fee in full. We also impose one strike under the PLRA. Finally his motion for injunctive relief and motion to appoint counsel is denied.[2]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] Mr. Griffin did not properly raise these claims in the district court, and we cannot consider them for the first time. This court granted his two requests for extensions and all filings were timely. Mr. Griffin must bring these claims in the district court if he still desires relief. Finally, to the extent that his motion requests appointed counsel, it is unnecessary to appoint counsel as all of his claims are dismissed.