**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOM W. BARRUS,

     Plaintiff - Appellant,

v.

NANCY A. HOPF; CHRISTINE E.
SCHOBER; AMY E. RICHARDS;
JACQUELINE R. GUESNO;
STEPHEN B. McCROHAN; JAMES
F. O'CONNOR; and DAVID S.
KAPLAN,

     Defendants - Appellees.

No. 07-1042
(D.C. No. 06-CV-1832-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Tom W. Barrus appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action and moves to proceed in forma pauperis. Because Barrus seeks

intervention in a state criminal court proceeding, the district court held that his

claim is barred by Younger v. Harris, 401 U.S. 37 (1971). We have jurisdiction

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 32.1.

pursuant to 28 U.S.C. § 1291.[1]  We **GRANT** the motion to proceed in forma pauperis and **DISMISS** the appeal.

Barrus is a pretrial detainee at the Arapahoe County Detention Facility in Centennial, Colorado.  He filed an amended pro se complaint in federal district court, alleging violations of his Sixth Amendment rights to counsel and a speedy trial in connection with criminal proceedings against him in Colorado.  Finding that Barrus sought intervention in a pending state court criminal proceeding, the district court dismissed his complaint as barred by Younger.

Barrus concedes that Younger controls his case, but contends that the district court erred in its application of that doctrine.  See Younger, 401 U.S. at 46.  Specifically, he argues that the excessive length of his pretrial detention is the relevant irreparable injury.  He claims the district court erred in treating the pending state court trial as his claimed injury and in failing to consider "the bad faith or harassment exception of Younger."

We review de novo a district court's abstention under Younger.  Joseph A. ex rel. Wolfe v. Ingram, 275 F.3d 1253, 1266 (10th Cir. 2002).  Under the Younger abstention doctrine, federal courts should ordinarily refrain from

---

[1] Although Barrus' notice of appeal was filed more than 30 days after the district court entered the order dismissing his claim, his appeal is timely under Fed. R. Civ. P. 58(b)(2)(B).  Because the district court did not enter a separate Rule 58 judgment, we deem the judgment to have been entered 150 days from the entry of the order.  Barrus' notice of appeal was filed within 150 days of the entry of the order.

interfering in ongoing state criminal proceedings. 401 U.S. at 45. To justify intervention, a plaintiff must face irreparable injury that is both great and immediate. Id. at 46. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," are not irreparable injuries. Id. Although Barrus claims the length of his pretrial detention constitutes an irreparable injury, he has not shown that his detention is excessive or otherwise impermissible. In other words, he has failed to claim any special threat to his liberties beyond those normally associated with a criminal prosecution.

In addition, Barrus seeks to proceed on appeal in forma pauperis. Pursuant to 28 U.S.C. § 1915(a)(3), the district court denied his motion because it found that an appeal could not be taken in good faith. On his renewed motion before this court, we conclude that his argument that we consider the length of his pretrial detention is nonfrivolous. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). We **GRANT** Barrus' motion to proceed in forma pauperis, and **DISMISS** his appeal. Barrus remains obligated to comply with our order of May 24, 2007, assessing partial payments. We **DISMISS** all other pending motions.

> ENTERED FOR THE COURT
>
> Carlos F. Lucero
> Circuit Judge