FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MAJOR DANIEL VANN,

     Petitioner-Appellant,

v.

MARK BROADDUS and JOHN W. SUTHERS, Attorney General of the State of Colorado,

     Respondents-Appellees.

No. 09-1256
(D.C. No. 06-cv-1774-MSK-KLM)
(D. Colo.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Major Daniel Vann, a Colorado state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to challenge an order of the federal district court denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Because the district court correctly resolved all of Mr. Vann's arguments, we deny the application.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1996, Mr. Vann married Vanessa Richardson, who had two small children from a previous marriage. Mr. Vann watched the children while Ms. Richardson was at work, but concerns quickly arose about the quality of care Mr. Vann provided. Ms. Richardson repeatedly noticed injuries on her daughters, and the school nurse's examination revealed extensive scarring over most of their bodies. Upon questioning, the girls told school officials that Mr. Vann had beaten them with a brush and an extension cord.

In Mr. Vann's 1998 trial, the prosecution presented two theories of culpability: either Mr. Vann injured the children himself, or he knowingly or recklessly permitted a situation in which they were abused by someone else. The Colorado state jury returned a general verdict of guilty for two counts of child abuse involving serious bodily injury, and the judge sentenced Mr. Vann to serve two consecutive terms of twenty-three years in prison. On direct review, the Colorado Court of Appeals affirmed the convictions, and the Colorado Supreme Court denied Mr. Vann's petition for a writ of certiorari. Mr. Vann pursued post-conviction relief in the state courts, as well as in the federal district court, but he was unsuccessful. He then initiated a second round of habeas petitions, first in the state courts and then again before the federal district court, which again denied his petition. It is the last of these judgments that Mr. Vann now asks us to allow him to appeal.

\* \* \*

Because Mr. Vann is in custody pursuant to the judgment of a state court, he may not appeal the federal district court's denial of habeas relief without a COA from the court of appeals. 28 U.S.C. § 2253(c)(1)(A). When the district court has addressed the *merits* of the petitioner's claim, a COA will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has dismissed the petition on *procedural grounds* (such as for failure to exhaust state court remedies), the applicant must prove, in addition, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both standards are relevant to Mr. Vann's current application for a COA.

We begin with Mr. Vann's procedural argument that his claims are appropriate for review by a federal habeas court. Of the ten claims in Mr. Vann's habeas petition, the district court refused to address eight of them (numbers 2 and 4-10) on the merits, finding that Mr. Vann failed to exhaust his state court remedies as required by federal statute. *See* 28 U.S.C. § 2254(b)(1)(A). Our own review of Mr. Vann's pleadings, as well as the record, does not lead us to an alternative conclusion. Mr. Vann either failed to raise his federal constitutional claims in the Colorado state courts, *see id.*, or an independent and adequate state law ground (such as failure to identify the issue on direct appeal, as opposed to collateral attack) existed to bar his arguments, *see, e.g.*, *Magar v. Parker*, 490

F.3d 816, 819 (10th Cir. 2007). Either way, jurists of reason could not "debat[e] whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. We therefore may not consider any of these arguments on the merits.

Of his two remaining claims, the only one Mr. Vann asks us to allow him to appeal is that his conviction violates the Due Process Clause of the Fourteenth Amendment. Reading his application solicitously, as we must for a *pro se* litigant, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007), Mr. Vann's argument is susceptible of two readings: either that the evidence presented at trial was insufficient to support a conviction on the ground that Mr. Vann permitted the children to be abused by someone else, or alternatively that Mr. Vann was not on notice of the permitted-abuse theory and thus could not defend against it. Under either reading, however, Mr. Vann's challenge must fail. On the first score, the jury that convicted Mr. Vann returned a general verdict of guilty, meaning that we cannot know which theory of culpability the jury adopted. And this, in turn, means that to challenge his conviction successfully, Mr. Vann must show insufficient evidence exists under all theories of liability that might support the jury's general verdict; put differently, the jury's general verdict comports with due process as long as the evidence supports *at least one* of the alternative theories presented at trial. *See Griffin v. United States*, 502 U.S. 46, 59-60 (1991). As Mr. Vann appears to concede, the evidence here is adequate to support the actual-abuse theory, and our independent review does not lead us to

disagree. Any deficiency in proof for the permitted-abuse theory is thus irrelevant.

The other plausible reading of Mr. Vann's due process challenge—that the prosecution provided insufficient notice of the permitted-abuse theory—is similarly unavailing. Due process requires adequate notice of the alleged crime, to be sure, *see, e.g.*, *City of Chicago v. Morales*, 527 U.S. 41, 56-57 (1999), but Mr. Vann had such notice here. After all, the statute under which he was charged makes it a crime to "cause[] an injury to a child's life or health, or permit[] a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health." C.R.S. § 18-6-401(1)(a). Under any reading, then, Mr. Vann's due process challenge does not offer "a substantial showing of the denial of a constitutional right," and it therefore cannot give rise to a COA. 28 U.S.C. § 2253(c)(2).

Because Mr. Vann has failed to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997), his motion for leave to proceed *in forma pauperis* is denied, along with his application for a COA, and his appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 5 -