**UNITED STATES COURT OF APPEALS**

**June 22, 2011**

**TENTH CIRCUIT**

---

TOMMY ALEXANDER, SR.,

              Petitioner - Appellant,

        v.

C. DANIELS, Warden,

              Respondent - Appellee.

No. 10-1533

(D. Colorado)

(D.C. No. 1:10-CV-00534-MSK)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the appellate briefs and record, this panel has unanimously concluded that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Tommy Alexander, Sr., a federal prisoner proceeding *pro se*, appeals the district court's denial of the 28 U.S.C. § 2241 application he filed on March 8, 2010, and amended on March 24, 2010. In his application, Alexander raised

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims relating to a prison disciplinary hearing conducted on June 5, 2008, while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. As a result of those proceedings, Alexander was placed in administrative segregation, lost commissary and telephone privileges, and lost good conduct time.

On November 8, 2010, the district court entered an order denying Alexander's § 2241 application. The court began by noting there is some ambiguity over whether Alexander has a protected liberty interest in good time credits because he is serving a sentence of life imprisonment. *See* 18 U.S.C. § 3624(b)(1) (permitting the BOP to grant good time credit to prisoners "serving a term of imprisonment of more than 1 year *other than a term of imprisonment for the duration of the prisoner's life*" (emphasis added)); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.'"). After concluding there was a factual dispute on the point,[1] the court proceeded to analyze the due process claims under *Wolff v. McDonnell*, 418 U.S. 539, 563-66

[1]Although there is evidence in the record that Alexander never earned any good time credits, there is also evidence that a total of thirty-one days of good conduct time was disallowed as a sanction for Alexander's disciplinary infractions. Additionally, the report of the Discipline Hearing Officer justified the imposition of the good-conduct-time sanction as follows: "Disallowed Good Conduct Time is imposed to demonstrate that engaging in misconduct will prolong Alexander's period of incarceration."

(1974). The court concluded Alexander received the minimum safeguards guaranteed by *Wolff* and, accordingly, it denied his § 2241 application. *Id.* at 563-67 (holding an inmate has a due process right to (1) advance written notice of the disciplinary charges; (2) an opportunity to call witness and present evidence, and (3) a written statement of the evidence relied upon and the reasons for the disciplinary action).

Upon review of Alexander's appellate brief, the Appellee's answer brief, and *de novo* review of the entire record on appeal, this court **affirms** the dismissal of Alexander's § 2241 petition for substantially the reasons set forth in the district court's Order dated November 8, 2010. Alexander's request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge